IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | |
|---|---|
| In re: | |
| Dneja Ahjee Perry, | Case No. 24-18177 MMH |
| Debtor. | Chapter 7 |
| * * * * * * | * * * * * * * |
| Maryland Department of Labor, | |
| Plaintiff, | |
| v. | Adv. No. _____ |
| Dneja Ahjee Perry, | |
| Defendant. | |
| * * * * * * | * * * * * * * |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, Maryland Department of Labor (hereinafter, "MDOL"), formerly known as DLLR, by its undersigned attorney Lindsey J. Parker, files this Complaint to Determine Dischargeability of Debt against Dneja Ahjee Perry, Defendant/Debtor, and in support thereof states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 523, and Local Bankruptcy Rule 402. This proceeding arises in the above-captioned Chapter 7 under Title 11.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Pursuant to Local Bankruptcy Rule 7012-1(b), MDOL consents to the entry of final orders or judgment by the Bankruptcy Judge.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. This is an adversary proceeding to determine the dischargeability of a debt owed by Defendant/Debtor Dneja Ahjee Perry.

5. Defendant Dneja Ahjee Perry (hereinafter, "Debtor") is the Debtor in the Chapter 7 out of which this adversary proceeding arises, having filed the voluntary petition on September 30, 2024.

6. Plaintiff MDOL is a government agency that, among its other functions, administers the unemployment law, pays unemployment benefits, and collects benefit overpayments.

7. The deadline to file a complaint under 11 U.S.C. § 523(a)(2), (4), or (6) is January 7, 2025. This Complaint is therefore timely.

**Facts and Background**

8. MDOL's duties include, inter alia, administering the unemployment law, paying unemployment benefits, and collecting unemployment benefit overpayments.

9. Under Maryland unemployment law, claimants are generally entitled to receive unemployment benefits if they are unemployed, were not terminated from prior employment due to misconduct or a finding of substantial cause, and are not receiving certain retirement or unemployment benefits from another source. *See* Md. Code Ann., Labor and Employment Article ("LE"), §§ 8-902. 8-903. 8-1001, 8-1002, 8-1002.1, 8-1003, 8-1005, 8-1006, 8-1008.

10. MDOL is a creditor of Debtor, having paid unemployment benefits to Debtor which were obtained by false pretenses, false representation, or actual fraud by Debtor knowingly giving incorrect, incomplete, or false information in order to obtain or increase benefits.

11. Upon a determination that a claimant is not entitled to the unemployment benefits that the claimant received, MDOL may recover the overpaid benefits, plus interest of one and one-half

percent (1.5%) ("fraud interest") if it is determined that the claimant knowingly made a false statement or representation or knowingly failed to disclose a material fact in order to obtain or increase a benefit payment. Md. Code Ann. §§ 8-809. 8-1301. Interest based on fraud is calculated from the date the claimant is notified that they are not entitled to the benefits received. Additionally, MDOL may recover a monetary penalty of fifteen percent (15%) ("fraud penalty") of all benefits paid to the claimant for each week for which the false statement or representation was made or for which the claimant failed to disclose a material fact. Md. Code Ann. § 8-809(b)(2).

12. Debtor filed a claim for unemployment benefits in May of 2015, at which time MDOL informed Debtor of the requirements to remain eligible to receive unemployment benefits and sent Debtor a pamphlet explaining those requirements.

13. While receiving the unemployment benefits, Debtor made express representations to MDOL that Debtor remained unemployed and was eligible and entitled to receive the unemployment benefit payments for each week that MDOL paid. Consistently, Debtor falsely underreported their gross wages and failed to apprise MDOL of their employment with Helix Medical Group LLC; and for each applicable week, Debtor specifically represented that they were unemployed with zero wages. Debtor knew those representations were false when Debtor made them, and Debtor made those representations with the intent of deceiving MDOL. *See* Exhibit 1: Agency Fact-finding Report as to Employer Helix Medical Group LLC, which is incorporated by reference as if fully set forth herein.

14. MDOL subsequently determined on or about April 22, 2016, that Debtor had unreported income from employment with Helix Medical Group LLC for the week ending July 11, 2015, through the week ending November 7, 2015, for a total of eighteen (18) overpaid weeks.

3

15. In mandatory weekly claim certifications, Debtor fraudulently failed to report earned income and was therefore ineligible for the benefits received and liable for the resulting overpayment in the amount of Nine Thousand, Four Hundred Twenty-five Dollars and Eighty-four Cents ($9,425.84), consisting of Five Thousand, Seven Hundred Ninety-six Dollars ($5,796.00) in overpaid benefits, Eight Hundred Sixty-nine Dollars and Forty Cents ($869.40) as the mandatory fraud penalty, plus Two Thousand, Seven Hundred Sixty Dollars and Forty-four Cents ($2,760.44) fraud interest. *See* Exhibit 2: Overpayment Summary and Repayment History.

16. MDOL notified Debtor on April 22, 2016, that MDOL had determined that Debtor was ineligible for the unemployment benefits that Debtor received as a result of Debtor's fraudulent conduct and provided Debtor with notice of the determination and their appeal rights in protesting the determination. *See* Exhibit 3: Notices of Fraud Determination and Overpayment. MDOL's determinations are final and unappealable.

## **CLAIM—DETERMINATION OF DEBT AS NONDISCHARGEABLE**

17. The allegations set forth in Paragraphs One (1) through Sixteen (16) are realleged and incorporated by reference as if fully set forth herein.

18. Debtor is indebted to MDOL on a debt for money obtained by false pretenses, false representations, or actual fraud, which arose as a result of unemployment benefits Debtor received from MDOL.

19. MDOL paid unemployment benefits to Debtor because of justifiable reliance on Debtor's false and fraudulent representations that Debtor was eligible and entitled to receive the unemployment benefit payments from MDOL; and MDOL believed Debtor's statements of eligibility, which Debtor represented to be truthful.

20. Upon that justifiable reliance, MDOL paid to Debtor, and Debtor accepted, unemployment benefits.

21. As a result of the above false pretenses, false representation, and/or actual fraud, Debtor is indebted to MDOL in the amount of Five Thousand, Seven Hundred Ninety-six Dollars ($5,796.00) in overpaid benefits, plus a fraud penalty of Eight Hundred Sixty-nine Dollars and Forty Cents ($869.40), plus Two Thousand, Seven Hundred Sixty Dollars and Forty-four Cents ($2,760.44) in fraud interest, less Three Thousand, Eight Hundred Seventy-one Dollars ($3,871.00) in payments and credits, for a total fraud overpayment balance of Five Thousand, Five Hundred Fifty-four Dollars and Eighty-four Cents ($5,554.84), which is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

22. Where an underlying debt is nondischargeable under 11 U.S.C. § 523(a)(2), the post-judgment legal interest is likewise nondischargeable because if the principal is nondischargeable, so is the interest on it. *See, e.g.*, *Bruning v. United States*, 376 U.S. 358 (1964) (holding that post-petition interest on a nondischargeable tax debt remains the personal liability of the debtor after bankruptcy); *In re Brace*, 131 B.R. 6112, 613-14 (Bankr. W.D. Mich. 1991) (holding that post-petition interest could accrue on a debt that was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it arose from fraudulent misrepresentations); *accord In re Kellar*, 125 B.R. 716, 720-21 (Bankr. N.D.N.Y. 1989). Further, any debt arising from false representations, false pretenses, or fraud is nondischargeable under 11 U.S.C. § 523(a)(2)(A). *Cohen v. De La Cruz*, 523 U.S. 213 (1998) (determining bankruptcy petitioner's entire debt, including treble and punitive damages, to be nondischargeable where liabilities arose from fraud).

23. The fraud penalty of Eight Hundred Sixty-nine Dollars and Forty Cents ($869.40) is also nondischargeable pursuant to 11 U.S.C. § 523(a)(7) because it is "payable to and for the

5

benefit of a governmental unit" and does not "constitute compensation for actual pecuniary loss." *See, e.g.*, *Kelly v. Robinson*, 479 U.S. 36, 107 S. Ct. 353, 93 L.Ed.2d 216 (1986); *Atty. Griev. Comm'n v. Smith (In re Smith)*, 317 B.R. 302 (Bankr. D. Md. 2004).

WHEREFORE, Plaintiff MDOL respectfully requests that this Court:

(a) Determine that the debt owed by Defendant Dneja Ahjee Perry, consisting of Five Thousand, Seven Hundred Ninety-six Dollars ($5,796.00) in overpaid benefits, plus Eight Hundred Sixty-nine Dollars and Forty Cents ($869.40) fraud penalty, plus Two Thousand, Seven Hundred Sixty Dollars and Forty-four Cents ($2,760.44) fraud interest, less Three Thousand, Eight Hundred Seventy-one Dollars ($3,871.00) in payments and credits, for a total balance of Five Thousand, Five Hundred Fifty-four Dollars and Eighty-four Cents ($5,554.84), to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(b) Determine that the fraud penalty of Eight Hundred Sixty-nine Dollars and Forty Cents ($869.40) is also dischargeable pursuant to 11 U.S.C. § 523(a)(7);

(c) Grant judgment in favor of Plaintiff MDOL and against Defendant/Debtor Dneja Ahjee Perry, in the amount of Five Thousand, Five Hundred Fifty-four Dollars and Eighty-four Cents ($5,554.84), plus costs and post-judgment interest at the legal rate from the date of entry of the judgment; and

(d) Grant any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Lindsey J. Parker
Lindsey J. Parker, 21776
Maryland Dept. of Labor
1100 N. Eutaw Street, Rm. 401
Baltimore, MD 21201
Telephone: 410-767-2466
lindsey.parker@maryland.gov